UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

DONALD M. JORDAN, )
 )
       Plaintiff, )
 )
v. ) 15-1028
 )
DR. TILDEN, *et al*. )
 )
       Defendants. )

## MERIT REVIEW OPINION

Plaintiff, proceeding pro se and incarcerated at Pontiac Correctional Center, brings the present suit pursuant to 42 U.S.C. § 1983 alleging an Eighth Amendment violation for deliberate indifference to a serious medical need and violations of the Americans with Disabilities Act. The matter comes before the Court for merit review under 28 U.S.C. § 1915A. In reviewing the complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

## ALLEGATIONS

Plaintiff alleges that he underwent surgery for a perforated ulcer on or about December 31, 2011 while he was incarcerated at Menard Correctional Center ("Menard"). As a result, Plaintiff alleges he has, and is currently, suffering pain and digestive problems arising from complications related to his condition. In addition, Plaintiff alleges that he suffers from a hernia. Plaintiff was prescribed several medications at Menard to address these concerns.

Upon transfer to Pontiac Correctional Center ("Pontiac"), Plaintiff alleges that Defendant Baylor confiscated his prescription medications and refused to return them despite Plaintiff's pleas and descriptions of his medical conditions. Plaintiff alleges that, despite numerous requests, he was not seen in healthcare until approximately six (6) weeks after the medication

was confiscated. Thereafter, Plaintiff was examined by Defendants Tilden and Doctor John Doe. Both doctors diagnosed Plaintiff with a hernia, and prescribed him medications to help with the symptoms. Plaintiff alleges that as his symptoms became progressively worse, the medications were ineffective, and the defendant doctors refused to provide additional medical treatment. At one point, Plaintiff alleges, Defendant John Doe stated "the institution rarely does surgery to remove hernias unless your literally about to die."

## ANALYSIS

### Deliberate Indifference to a Serious Medical Need

To implicate a violation of the Eighth Amendment for inadequate medical care, the Plaintiff must allege that the prison official acted with deliberate indifference to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Deliberate indifference is more than negligence, but does not require the plaintiff to show that the defendants intended to cause harm. *Mayoral v. Sheehan*, 245 F.3d 934, 938 (7th Cir. 2001). Liability attaches under the Eighth Amendment when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

A life-threatening medical condition is not required. Rather, the Seventh Circuit has held that a medical condition is serious "where the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir.1997) (citation omitted). Plaintiff alleged that he suffered from constant pain, digestive issues, and other complications arising from a surgical procedure. Furthermore, the allegations that Plaintiff needed prescription medications is sufficient for the

Court to infer that Plaintiff's underlying medical ailments required ongoing medical care. Therefore, Plaintiff has satisfied the first prong.

Next, Plaintiff must allege facts that show the prison officials acted with deliberate indifference towards his serious medical condition. Plaintiff alleges that he specifically informed Defendants Baylor and Zimmerman of his medical problems and the need for adequate treatment. Plaintiff also alleges that after Defendant Baylor's confiscation of Plaintiff's prescription medication, six weeks had elapsed before Plaintiff was examined by a medical professional. According to Plaintiff, Defendant Zimmerman refused to take steps to provide Plaintiff with emergency medical care and expressed a blatant lack of concern for Plaintiff's medical problems. Plaintiff's allegations of delay and the pain suffered as a result are sufficient to state a claim that the defendants acted with deliberate indifference at this stage in the proceedings. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (2011) ("Delay in treating a condition that is painful even if not life-threatening may well constitute deliberate indifference…." (citations omitted)); *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010) ("A significant delay in effective medical treatment also may support a claim of deliberate indifference, especially where the result is prolonged and unnecessary pain." (citation omitted)).

To the extent that Plaintiff disagreed with the treatments administered by Defendants Tilden and Doctor John Doe, a mere disagreement with the course of treatment does not constitute a claim for deliberate indifference to a serious medical need. *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996) (citations omitted). Plaintiff, however, alleges that the treatment and medications he received were not effective and, in fact, his condition deteriorated over a period of approximately 5-6 months. A showing that medical professionals persisted in a course of treatment shown to be ineffective could support a finding of deliberate indifference to a

serious medical need. *See Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005). Therefore, the Court finds that Plaintiff has stated a claim for deliberate indifference to a serious medical need against Defendants Baylor, Zimmerman, Tilden, and Doctor John Doe.

Plaintiff also names several prison administrators in his complaint. "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant cause or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (citations omitted). A plaintiff must plead that each official, "though the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). A government official may not be held liable under § 1983 on a theory of respondeat superior, that is, for the unconstitutional acts of his or her subordinates. *Id*. To be held liable, a government supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye…." *Vance*, 97 F.3d at 993 (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)).

Plaintiff alleges that he personally informed Assistant Warden Mottler of his ongoing concerns about medical treatment. According to Plaintiff, Defendant Mottler inquired about whether Plaintiff had completed the necessary administrative steps to receive healthcare. Once satisfied that Plaintiff had done so, Defendant Mottler stated that the medical staff would take care of Plaintiff. Plaintiff has not alleged that Defendant Mottler engaged in any specific acts that contributed to the alleged deliberate indifference of the other defendants. In addition, the Court cannot infer that Defendants Pfister and Arroyo had personal knowledge of Plaintiff's situation. Although Plaintiff alleges he wrote letters to Defendant Pfister, there are no facts from which the Court can infer that Defendant Pfister was personally aware. Even if the Court assumes he was, Plaintiff has not alleged how Pfister participated in or condoned the alleged

constitutional deprivation. The same is true with regards to Defendant Arroyo. Accordingly, Plaintiff has not stated a claim against Defendants Pfister, Mottler, and Arroyo. Defendant Pfister, however, shall remain a defendant at this time for purposes of identifying Defendant Doctor John Doe. *See Donald v. Cook. Cnty. Sheriff's Dep't*, 95 F.3d 548, 555-56 (7th Cir. 1996) (the court may allow "the case to proceed to discovery against high-level administrators with the expectation that they will identify the officials personally responsible.").

### **Americans with Disabilities Act**

Plaintiff alleges a violation of the Americans with Disabilities Act ("ADA"). The ADA prohibits discrimination, exclusion or denial of services by a public entity against qualified individuals with disabilities because of that person's disability. 42 U.S.C. § 12132 ("[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."). Though Plaintiff alleges an initial denial of medical services, he does not allege that the denial was because of any type of disability. Furthermore, once Plaintiff was provided medical services, the manner in which his treatment was administered does not create a claim under the ADA. *E.g. Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) (holding that the ADA does not create a remedy where plaintiff complained of incompetent treatment, not exclusion therefrom). Therefore, the Court finds that Plaintiff has not stated a claim under the Americans with Disabilities Act.

IT IS THEREFORE ORDERED that:

> 1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff states an Eighth Amendment claim for deliberate indifference to a serious medical need against Defendants Baylor, Zimmerman, Tilden, and Doctor John Doe. Defendant Pfister, against whom no claim has been stated, shall remain a defendant solely for the purposes of identifying Doctor John Doe. Any additional claims shall not

be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendants Mottler and Arroyo for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A;**

**2) Attempt service on Defendants pursuant to the standard procedures;**

**3) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and,**

**4) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**5) Grant Plaintiff's Motion for Extension of Time [8]. The Court notes that Plaintiff has since paid the entire $400 filing fee in full.**

**Lastly, it is ordered that if a Defendant fails to sign and return a waiver of service for the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

ENTERED this 26th day of March, 2015.

                              *s/James E. Shadid*
                              JAMES E. SHADID
                    UNITED STATES DISTRICT JUDGE